IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,652-01






EX PARTE ROBERT EARL POOLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A090182AR IN THE 128TH JUDICIAL DISTRICT COURT


FROM ORANGE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
robbery and was sentenced to sixteen years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because Applicant was not
competent to enter a plea, and because his attorney coerced him into entering a plea by threatening
him with a life sentence and the bringing of an additional charge. Applicant has alleged facts that,
if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke,
13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. The trial court shall obtain an affidavit from Applicant's
trial counsel responding to Applicant's allegations. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of any and all plea
papers, including any plea agreement, admonishments, waivers and stipulations, and a transcript of
the plea hearing. The trial court shall also supplement the record with any documents relevant to the
determination that Applicant was or was not competent to stand trial. The trial court shall make
findings of fact and conclusions of law as to whether Applicant was found to be incompetent to stand
trial, and if so, how and when he was restored to competency. The trial court shall make findings
as to whether Applicant was advised of and understood the nature and consequences of his plea in
this case. The trial court shall make findings of fact as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 16, 2011

Do not publish